IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN MIXON,

        Plaintiff,                        Case No. 3:12-cv-277

vs.                                              Judge Thomas M. Rose

CAROLYN W. COLVIN,             Magistrate Judge Michael J. Newman
Acting Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING MIXON'S OBJECTIONS (Doc. #13) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #12) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT MIXON WAS NOT DISABLED AND TERMINATING THIS CASE**
_____

        John Mixon ("Mixon") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On August 1, 2013, United States Magistrate Judge Michael J. Newman entered a Report and Recommendations (doc. #12) recommending that the Commissioner's decision that Mixon was not disabled be affirmed. Mixon subsequently filed Objections. (Doc. #13.) The time has run and the Commissioner has not responded to Mixon's Objections. This matter is, therefore, ripe for decision.

        Mixon sought financial assistance from the Social Security Administration this second time by applying for Disability Insurance Benefits and Supplemental Security Income in January

of 2008. Mixon claimed that he had been disabled since January 1, 2005, due to a "bad back," carpal tunnel syndrome, arthritis, a "bad heart," Dupuytren's contracture of his left hand, bone fragments in his right ankle, a broken left arm below the shoulder joint, fractured shoulder bones and triple bypass surgery.

The Commissioner denied Mixon's application initially and on reconsideration. Administrative Law Judge ("ALJ") Thomas McNichols ("McNichols") held a hearing following which he determined that Mixon was not disabled. The Appeals Council denied Mixon's request for review and ALJ McNichol's decision became the Commissioner's final decision. Mixon then appealed to this Court pursuant to 42 U.S.C. § 405(g).[1]

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #12) and in Mixon's Objections (doc. #13), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Mixon was not disabled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

---

[1] Mixon does not challenge the denial of Supplemental Security Income benefits as part of this appeal.

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. WHEREFORE, Mixon's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge in its entirety. The

Commissioner's decision that Mixon was not disabled is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this 9th day of September, 2013.

                                        **s/Thomas M. Rose**
                                        _____
                                        JUDGE THOMAS M. ROSE
                                        UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record